# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA EIDMANN, SPECIAL ADMINISTRATOR OF THE ESTATE OF BRADLEY EIDMANN JR., DECEASED, <br><br> Plaintiff, <br><br> v. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, a UNUMPROVIDENT Company, WINCOR NIXDORF, LLC LONG TERM DISABILITY PLAN, and PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, a UNUMPROVIDENT Company, <br><br> Defendants. | No. 05 C 2183 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cynthia Eidmann, as Special Administrator for the Estate of Bradley Eidmann, filed a Complaint seeking the payment of disability benefits. Her two-count Complaint alleges ERISA violations by Defendants Unum Life Insurance Company of America ("Unum") and Wincor Nixdorf LLC Long Term Disability Insurance Plan (the "Plan") and violations of Illinois law by Defendant Provident Life and Accident Insurance Company ("Provident"). Defendant Unum seeks dismissal under *Fed. R. Civ. P. 12(b)(6)*, arguing that the Plan is the only proper defendant in a suit for benefits under § 502(a)(1)(B) of ERISA.

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Defendant Unum's motion only if Plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I

must accept all well-pleaded factual allegations in the Complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may grant Defendant's motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Within this Circuit, there is a general rule that the plan is the proper party in a suit for benefits under § 502(a)(1)(B) of ERISA. *See, e.g., Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996). *See also Moffat v. Unicare Health Ins. Co.*, 352 F. Supp. 2d 873, 876 (N.D. Ill. 2005). In *Jass*, the Seventh Circuit upheld the dismissal of an individual defendant named in a § 502(a) claim, noting that "ERISA permits suits to recover benefits only against the Plan as an entity." 88 F.3d at 1490 (citation omitted). Subsequent decisions have relied heavily on that statement to dismiss other non-plan defendants, despite significant differences in the nature of the non-plan defendants in those cases as compared to the non-plan defendant in *Jass*, a Plan employee. *See, e.g., Hupp v. Experian Corp.*, 108 F. Supp. 2d 1008, 1013 (N.D. Ill. 2000) (dismissing employer and plan administrator defendants); *and Witowski v. Tetra Tech Inc.*, 38 F. Supp. 2d 640, 644 (N.D. Ill. 1998) (dismissing claim filed against defendant employer and plan administrator).

This broad application of the "*Jass* rule" has been the subject of some criticism. *See, e.g., Madaffari v. Metrocall Cos. Group*, No. 02 C 4201, 2004 U.S. Dist. LEXIS 12739, at *12 (N.D. Ill. July 1, 2004) (observing that the dismissal of the individual defendant in *Jass* was consistent with the language of § 1132(d)(2) but that the statute was not necessarily a "larger prohibition against all non-plan defendants" and suggesting that reading *Jass* to require a "strict prohibition

2

on suing entities other than 'the plan'" would stretch the statute "beyond its clear meaning"). Nonetheless, *Jass*'s reasoning continues to be followed. *See, e.g., Black v. Long Term Disability Ins. Co.*, 373 F. Supp. 2d 897, 900 (E.D. Wisc. 2005) (suggesting that application of the *Jass* rule to all non-plan defendants "appears to be inconsistent with ERISA's goal of protecting participants in employee benefit plans from those in charge of such plans" but dismissing the "de facto" administrator of the plan).

A better argument for the *Jass* rule may be that in suing the plan, most plaintiffs will have identified the party that is both necessary and sufficient for relief. *See Matuszack v. Anesi, Ozmon, Rodin, Novak & Kohen Ltd. Plan*, No. 04 C 4152, 2004 U.S. Dist. LEXIS 21920, at *6-8 (N.D. Ill. Nov. 1, 2004) ("[t]he presence of the Plan in this case is sufficient for plaintiff to recover all possible relief") (citing *Bahnaman v. Lucent Techs. Inc.*, 219 F. Supp. 2d 921, 923 (N.D. Ill. 2002)). In fact, courts have carved out narrow exceptions to the general rule in situations where the identity of the Plan cannot be ascertained. *See Mein v. Carus Corp.*, 241 F.3d 581, 584 (7th Cir. 2001) (holding that the employer/plan administrator was a proper defendant in a claim for ERISA benefits when the employer and the plan were closely intertwined); *and Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) (declining to find that the employer was not a proper party to an ERISA benefits action where the plan documents referred to the employer and plan interchangeably and the employer designated itself as the plan's agent for service of process). *See also Madaffari* 2004 U.S. Dist. LEXIS, at *14-15; *and Penrose v. Hargford Life & Accident Ins. Co.*, No. 02 C 2541, 2003 U.S. Dist. LEXIS 13497, at *15 (N.D. Ill. Aug. 4, 2003) (holding that a third-party insurer was a proper

defendant in ERISA benefits action when Plaintiff was unable to determine the identity of the Plan).

Plaintiff's claim does not fall within this exception to the rule. Plaintiff had no difficulty identifying the Plan, which is named as a co-defendant of her ERISA claim. I see no reason to extend the narrow exceptions to the general rule to the circumstances of this case. *See Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1090-91 (N.D. Ill. 2005) (holding that the defendant insurer was properly dismissed when the complaint identified and specifically alleged wrongdoing on the part of the plan, and where the plan defendant answered the complaint "in effect, conceding that it is the proper party for [Plaintiff] to sue"). *Cf. Madaffari* (refusing to dismiss an insurer who served as the administrator of the plan when it was alleged that the plan had no assets beyond an insurance policy *and* there was ambiguity in determining identity of the plan entity).

In her brief opposing Unum's dismissal, Plaintiff suggests that Unum must remain a party in the event that the Plan has no assets. However, even unfunded top-hat plans are subject to the general rule that the Plan is generally the only proper party to a suit for ERISA benefits. *See Berg*, 372 F. Supp. 2d at 1089 (citing *Garratt v. Knowles*, 245 F.3d 941, 949 (7th Cir. 2001)). Moreover, nowhere within her Complaint does Plaintiff allege that the Plan will be unable to provide complete relief, or that Unum and the Plan are so "closely intertwined" that Unum must remain a defendant. *Cf. Madaffari*, 2004 U.S. Dist. LEXIS at *14-15; *and Mein*, 241 F.3d at 584.

Rather, Plaintiff alleges that Unum issued and underwrote the benefit plan, and claims that Unum must remain a defendant because it is the party that breached its contract in denying

4

her husband's claim for benefits.[1] That is not a claim the law of this Circuit generally allows, and I am bound by the Seventh Circuit's approach. Whatever leeway *Jass* and subsequent – but distinct – cases might allow, I appreciate the necessity for consistency in similar cases among the district judges of this Circuit. Those courts continue to apply the general rule restricting claims for ERISA benefits to suits against the Plan, even when underwritten and administered by an insurer. *Berg*, 372 F. Supp. 2d at 1089. Plaintiff must seek (as she has) relief from the Plan itself.

For these reasons, Defendant Unum's Motion to dismiss is GRANTED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: September 20, 2005

---

[1] Plaintiff attached to her Complaint documents that identify the insurer, Unum, as the Plan administrator.